**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DWAYNE ARNETT TOOMER,**

**Petitioner,**

**-vs-**                                                          **Case No.  6:10-cv-1197-Orl-19KRS**

**UNITED STATES OF AMERICA,**

**Respondent.**
_____

# ORDER

This case comes before the Court on the following:

1.      Motion for *in Forma Pauperis* Status, Grand Jury Transcripts, Appointment of Legal

        Counsel, Abeyance, and Evidentiary Hearing by Petitioner Dwayne Arnett Toomer

        (Doc. No. 2, filed Aug. 12, 2010);

2.      Response to Motion for *in Forma Pauperis* Status, Grand Jury Transcripts,

        Appointment of Legal Counsel, Abeyance, and Evidentiary Hearing by Respondent

        United States of America (Doc. No. 6, filed Sept. 28, 2010); and

3.      Second Motion for Voluntary Recusal, Motion for Specific Judge, and Motion for

        Tape Recordings by Petitioner Dwayne Arnett Toomer (Doc. No. 7, filed Oct. 1,

        2010).

**Background**

On August 12, 2010, Petitioner Dwayne Arnett Toomer filed a Motion under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. No. 1.)  On that same day, Petitioner filed

a motion for *in forma pauperis* status, grand jury transcripts, appointment of legal counsel,

abeyance, and an evidentiary hearing. (Doc. No. 2.) Petitioner also requests in his omnibus motion

that the undersigned recuse herself from this case for the reasons stated in Ground 8 of Petitioner's

Section 2255 Motion. (*Id.* at 2.) On September 28, 2010, the Government responded in opposition

to each of Petitioner's requests except for Petitioner's request to proceed *in forma pauperis*. (Doc.

No. 6.)

On October 1, 2010, Petitioner filed a motion seeking the recusal of Magistrate Judge Karla

Spaulding, the appointment of a specific judge to his case, and the production of the tape recording

of his October 2006 hearing before Magistrate Judge Spaulding. (Doc. No. 7.)

## Analysis

Because Petitioner argues that the judges assigned to this case should recuse themselves, the

Court will address those claims at the outset.

## I. Recusal

Petitioner contends that the undersigned should recuse herself for the following reasons:

> to assure that [the undersigned judge's] former actions in handling the adjudication
> of this matter were fair to [Petitioner] and that [Petitioner] received a fair trial even
> though he was forced to adhere to a trial date with a new inexperienced federal
> attorney, who had his own issues and exposure, as well as financial needs that
> compelled counsel to tell the court that he was prepared to try [the] case, when he
> was not but was motivated by other personal issues, which prevented [Petitioner]
> from receiving effective legal representation as guaranteed by the Sixth Amendment.

(Doc. No. 1 at 12; Doc. No. 2 at 2.) Petitioner further asserts that Magistrate Judge Spaulding

should be recused because she presided over the preliminary proceedings in Petitioner's criminal

case that Petitioner now challenges. (Doc. No. 7 at 1-2.)

"Two statutes govern recusal - 28 U.S.C. §§ 144 and 455." *United States v. Berger*, 375 F.3d

1223, 1227 (11th Cir. 2004) (citing *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d

647, 651 (11th Cir. 1983).  Under § 144, a judge must recuse if a party files "a timely and sufficient affidavit" complaining that the judge "has a personal bias or prejudice either against him or in favor of any adverse party."  The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists."  28 U.S.C. § 144.  Regardless of whether Petitioner has complied with the affidavit requirement,[1] neither Magistrate Judge Spaulding nor the undersigned must recuse under § 144 because Petitioner does not assert that either judge has a personal bias or prejudice against Petitioner or in favor of an adverse party.

Section 455(a) instructs a federal judge to disqualify herself if her "impartiality might reasonably be questioned," and § 455(b) requires disqualification under specific circumstances, none of which have been shown to apply here.[2]  The relevant inquiry under § 455(a) is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Berger*, 375 F.3d at 1227 (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)).  "To disqualify a judge under § 455(a), the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'"  *Id.* (quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)).  "[A]dverse rulings alone do

---

[1] Petitioner's Section 2255 Motion takes the form of an unsworn declaration, which substitutes for an affidavit under 28 U.S.C. § 1746.  On the other hand, Petitioner's motion seeking the recusal of Magistrate Judge Spaulding is not accompanied by a sworn statement or an unsworn declaration and thus fails to comply with 28 U.S.C. § 144.  (Doc. No. 7.)

[2] Put briefly, 28 U.S.C. § 455(b) requires a federal district judge to disqualify herself where the judge or a member of the judge's family has a personal bias, has previously participated in the case, has an interest in the case, or will likely participate in the case.  Petitioner does not allege, and the Court finds no evidence of record to suggest, that any of those scenarios exist in this case for either the undersigned or Magistrate Judge Spaulding.

not provide a party with a basis for holding that the court's impartiality is in doubt." *Id.* (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001)).

Petitioner seeks recusal on the theory that because Magistrate Judge Spaulding and the undersigned presided over Petitioner's criminal case, they lack impartiality to preside over the instant proceeding. Petitioner does not cite, and the Court does not find, any authority that Magistrate Judge Spaulding and the undersigned must recuse themselves from this proceeding merely because they presided over Petitioner's criminal case. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."). Further, Local Rule 1.04(a) provides: "All motions under 28 U.S.C. Section 2255 shall be assigned to the judge to whom the original criminal case was assigned." Accordingly, Petitioner's request for Magistrate Judge Spaulding and the undersigned to recuse themselves will be denied.

## II.  Assignment of Judge Gregory A. Presnell to Case

Petitioner requests that Judge Gregory A. Presnell be assigned to this case upon the recusal of Magistrate Judge Spaulding and the undersigned and that no magistrate judge be assigned to this case. (Doc. No. 7 at 2.) These requests have no legal or factual basis and will be denied.

## III.  Request to Proceed *in Forma Pauperis*

Petitioner has requested to proceed *in forma pauperis*, and the Government does not oppose this request. (Doc. Nos. 2, 6.) Although Petitioner did not file a Motion to Proceed *in Forma Pauperis* with his Section 2255 Petition, (Doc. No. 1), Petitioner did file a Motion and Affidavit to Appeal *in Forma Pauperis* with his Motion to Obtain Grand Jury Transcripts in his Criminal Case

on June 25, 2010.  (Case No. 6:06-cr-125-Orl-19KRS,[3] Doc. No. 1808.)  In that submission, Petitioner reported no assets except for his inmate trust account containing $40.68 on June 16, 2010. (*Id.* at 9-15.)  Finding no objection by the Government or evidence in the record to the contrary, the Court grants Petitioner's request to proceeding *in forma pauperis* based on the financial information contained in Petitioner's Motion and Affidavit to Appeal *in Forma Pauperis* filed June 25, 2010.

## IV.  Request for Grand Jury Transcripts

Petitioner requests copies of the grand jury transcripts that led to his Indictment.  (Doc. No. 1 at 1.)  The Government opposes the request, arguing that Petitioner has not shown a particularized need for those transcripts.  The Court agrees with the Government.

Federal Rule of Criminal Procedure 6(e) "strikes a balance between the need for grand jury secrecy and the competing need of disclosure of grand jury proceedings and information presented to the grand jury in situations in which the interest of justice demands disclosure."  *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988).  "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."  *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 222 (1979).

Petitioner offers no argument in the instant Motion supporting his request for access to grand jury transcripts, and Petitioner raises no challenge to his grand jury proceedings in his Section 2255 Petition.  (Doc. No. 1.)  Petitioner merely contends that "the purpose of acquiring the Grand Jury transcripts is for the Defendant to assure that there are no other issues that the transcripts might

---

[3] Case No. 6:06-cr-125-Orl-19KRS will hereafter be referred to as "Criminal Case."

reveal which would be integral to his defense and collateral attack in this matter." (Criminal Case Doc. No. 1808.)  Because Petitioner's contentions satisfy none of the three requirements under *Douglas Oil* for obtaining grand jury transcripts, Petitioner's request for grand jury transcripts should be denied.

## V. Appointment of Counsel

Petitioner requests the appointment of counsel at this stage of the proceedings in view of the number and complexity of the issues raised in his Section 2255 Motion. (Doc. No. 2 at 2.) The Government opposes this request. (Doc. No. 6 at 3.)

The right to appointment of counsel in a Section 2255 proceeding is "a non-constitutional procedural right." *See McGriff v. Dep't of Corrs.*, 338 F.3d 1231, 1234 (11th Cir. 2003) (classifying the right to counsel in a Section 2254 proceeding as a "non-constitutional procedural right" and noting that the rule underlying the right to counsel in Section 2255 proceedings is substantially identical); *see also Berger*, 375 F.3d at 1226 (noting that a defendant has a Sixth Amendment right to counsel on direct appeal, but not for a collateral attack on his sentence (citing *Hill v. Jones*, 81 F.3d 1015, 1024 (11th Cir. 1996))). Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, "if an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have an attorney appointed under 18 U.S.C. § 3006A." Further, despite the fact that counsel may be appointed for an indigent petitioner at any time "the interests of justice so require," 18 U.S.C. § 3006A(2)(B), federal courts generally appoint counsel in post-conviction proceedings only after the court determines that the issues presented warrant an evidentiary hearing. *See Johnson v. Avery*, 393 U.S. 483, 488 (1969) ("It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who

indicate, without more, that they wish to seek post-conviction relief. . . . Accordingly, the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system.").

Petitioner has not demonstrated that the interests of justice require the appointment of counsel before the Court determines whether to hold an evidentiary hearing in this case. Petitioner's articulate assertion of nine grounds for relief in his Section 2255 Motion belies the need for the appointment of counsel to assist petitioner at this stage of the proceedings. Accordingly, Petitioner's request for appointment of counsel at this time is denied.

## VI. Production of Pre-Sentence Investigation Report

Petitioner requests a copy of his pre-sentence report ("PSR") "to help him prepare a Memorandum of Law in support of his" Section 2255 Motion. (Doc. No. 2 at 2.) The Government opposes this request, arguing that "Petitioner has not established a legal basis for disclosure of his [PSR]." (Doc. No. 6 at 4-5.)

The Government cites no authority for the proposition that Petitioner must establish a legal basis for disclosure of his PSR. Although Federal Rule of Criminal Procedure 32(e)(1) requires a PSR to be disclosed to a defendant prior to sentencing, there is no constitutional right to disclosure of a PSR prior to sentencing. *See, e.g.*, *United States v. Arenas-Granada*, 487 F.2d 858, 859 (5th Cir. 1974); *United States v. Warren*, 432 F.2d 772, 772-73 (5th Cir. 1970). It logically follows from the nonexistence of a constitutional right to view a PSR prior to sentencing that there is no constitutional right to disclosure of a PSR in a Section 2255 collateral proceeding.

Although there is no absolute right to obtain a PSR in a Section 2255 collateral proceeding, a Petitioner may obtain his PSR when the need for the PSR outweighs the resulting harm to state and

federal officials conducting investigations.  PSRs are generally confidential because disclosure may have a harmful effect on the investigations of state and federal officials.  *See Shelton v. United States*, 497 F.2d 156, 158 (5th Cir. 1974) (recognizing the Government's interest in confidentiality under the facts of the case).  However, in a Section 2255 proceeding, "[a]ccommodation must be made by the district court between the right to withhold the confidential contents of the pre-sentence report . . . and the right of [the Petitioner] to be fairly advised of the information which formed the basis of sentencing."  *Id.* at 159.

As grounds for relief in his Section 2255 Motion, Petitioner claims that trial counsel instructed him to tell the Court at sentencing that he reviewed the pre-sentence report with counsel when in fact he had not done so.  (Doc. No. 1 at 9.)  Regardless of whether Petitioner in fact reviewed his PSR with counsel prior to sentencing,[4] the Government does not cite, and the Court does not find, any authority that Petitioner should be barred from accessing his PSR merely because he identifies no "legal basis" for disclosure.  Given the procedural right of a defendant to access his PSR prior to sentencing, Fed. R. Crim P. 32(e), and finding no argument by the Government that disclose of Petitioner's PSR would compromise any interest of the Government, the Court will grant Petitioner's request for a copy of his PSR.

## VII.  Abeyance and Evidentiary Hearing

Petitioner seeks an abeyance of this proceeding to afford him sufficient time to prepare a memorandum of law in support of his Section 2255 Motion with the aid of grand jury transcripts and

---

[4] The Government argues that in view of Petitioner's statements during the sentencing hearing that he reviewed his PSR with counsel, the Court must reject Petitioner's claim that he did not review the PSR with his counsel prior to sentencing.  (Doc. No. 6 at 4-5.)  The Court declines to rule on the merits of the claims asserted in Petitioner's Section 2255 Motion at this stage of the proceedings.

his PSR.  (Doc. No. 2 at 2.)  In view of the Court's ruling that Petitioner may access his PSR, the

Court will afford Petitioner sufficient time to prepare a memorandum of law subsequent to receiving

his PSR.

Petitioner also requests an evidentiary hearing on his Section 2255 Motion.  (Doc. No. 2 at

2.)  The request for an evidentiary hearing is untimely, as the Court may not consider whether to

hold an evidentiary hearing until, *inter alia*, the Government has an opportunity to file an answer

to the Section 2255 Petition.  *See* Rules Governing § 2255 Proceedings, Rule 8(a) ("[T]he judge

must review the answer, any transcripts and records of prior proceedings, and any materials

submitted under Rule 7 to determine whether an evidentiary hearing is warranted.").

## VIII.  Production of the October 11, 2006 Tape Recording

Petitioner seeks production of the tape recording of the October 11, 2006 hearing before

Magistrate Judge Spaulding on Petitioner's Motion to Withdraw Counsel.[5]  A transcript prepared

from the audio recording of the hearing has been filed in the court record of Petitioner's Criminal

Case.  (Criminal Case Doc. No. 1713, filed Dec. 5, 2008.)  Petitioner's request for production of the

tape recording of the hearing is without merit, as Petitioner concedes that Magistrate Judge

Spaulding ordered the tape recording stopped during the discussion at issue between Petitioner and

Magistrate Judge Spaulding.  (Doc. No. 7 at 1.)  Petitioner makes no other argument for the

production of the tape recording.  Having reviewed the transcript of the October 11 hearing and

---

[5] Petitioner asserts that "on or around October 2, 2006," he appeared before Magistrate Judge Spaulding in a preliminary hearing regarding the scheduling of his trial.  (Doc. No. 7 at 1.)  Court records reflect Petitioner did not appear in court on October 2, 2006, and his most proximate court appearance to that date was his appearance before Magistrate Judge Spaulding on October 11, 2006, on the Motion for Withdrawal of Counsel.  (Criminal Case Doc. No. 699, filed Oct. 11, 2006.)  The Court construes Petitioner's request to seek production of the tape recording of that hearing.

considered Petitioner's arguments, producing the audio recording of the October 11 hearing would afford Petitioner no new information relevant to the issues presented.  Accordingly, Petitioner's request for production of the audio transcript of the October 11, 2006 hearing will be denied without prejudice to reassertion if appropriate.

### Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1.      The Motion for *in Forma Pauperis* Status, Grand Jury Transcripts, Appointment of Legal Counsel, Abeyance, and Evidentiary Hearing by Petitioner Dwayne Arnett Toomer (Doc. No. 2) is **GRANTED in part** and **DENIED in part** as follows:

   a.      Petitioner's request to proceed *in forma pauperis* is **GRANTED**.

   b.      Petitioner's request for a copy of his pre-sentence report is **GRANTED**.  The United States Probation Office is directed to mail a copy of Petitioner's pre-sentence report to Petitioner within seven (7) days from the date of this Order.

   c.      The Motion is **DENIED** in all other respects.

2.      The Second Motion for Voluntary Recusal, Motion for Specific Judge, and Motion for Tape Recordings by Petitioner Dwayne Arnett Toomer (Doc. No. 7) is **DENIED**.

Petitioner shall file a Memorandum of Law in support of his Section 2255 Motion within thirty (30) days from the date of this Order.  The Government shall file an Answer within thirty (30) days of the filing of Petitioner's Memorandum of Law.  Petitioner may file a reply within thirty (30) days of the filing of the Government's Answer.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 4, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Dwayne Arnett Toomer
United States Probation Office for the Middle District of Florida